**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDWARD COLSON, ) | 1:10-cv-1776 OWW JLT |
| ) | |
| Plaintiff, ) | **SCHEDULING CONFERENCE ORDER** |
| ) | |
| v. ) | **Discovery Cut-Off: 4/2/12** |
| ) | |
| CITY OF BAKERSFIELD, and DOES 1 ) to 100, inclusive, ) | **Non-Dispositive Motion Filing Deadline: 4/20/12** |
| ) | |
| Defendants. ) ) | **Non-Dispositive Motion Hearing Date: 5/25/12 9:00 Bakersfield** |
| | **Dispositive Motion Filing Deadline: 5/21/12** |
| | **Dispositive Motion Hearing Date: 6/22/12 10:00 Ctrm. 3** |
| | **Settlement Conference Date: 6/19/12 10:00 Bakersfield** |
| | **Pre-Trial Conference Date: 7/23/12 11:00 Ctrm. 3** |
| | **Trial Date: 9/11/12 9:00 Ctrm. 3 (JT-6 days)** |

I.  Date of Scheduling Conference.

   March 2, 2011.

II. Appearances Of Counsel.

   Charles R. Chapman, Esq., appeared on behalf of Plaintiff.

   Marderosian, Runyon, Cercone & Lehman by Michael Lehman,

1

Esq., appeared on behalf of Defendant City of Bakersfield.

III.   Summary of Pleadings.

    A.   Plaintiff's Summary.

        1.   Plaintiff contends that on or about January 11, 2010, Plaintiff was driving a vehicle on or about Oak/Wible Road, at or near the intersection of Wible and Wilson, in Bakersfield, California. Defendants Does 1 through 50, inclusive, police officers, officers, employees and agents of Defendant the City of Bakersfield and the Bakersfield Police Department: (a) entered into a conspiracy and agreement to stop, pull-over, seize, arrest, assault, batter and excessively use force against Plaintiff; (b) pulled over, stopped, seized and/or arrested Plaintiff without a reasonable suspicion or probable cause to believe that Plaintiff had committed any crime or offense, or that they had any legitimate or proper reason to pull over and stop said Plaintiff; (c) assaulted, battered, intentionally inflicted emotional distress on, and used excessive and improper force against Plaintiff without any proper and adequate excuse, cause or justification; and (d) intentionally, deliberately, indifferently, recklessly and/or negligently failed and refused to promptly, properly and adequately summon medical care for Plaintiff after Plaintiff was injured; and (e) improperly, without probable cause and without adequate excuse or justification seized, converted, damaged and/or trespassed against the chattel of Plaintiff, Plaintiff's vehicle.

    B.   Defendant's Summary.

        1.   Defendant contends that the actions of the individual officers (in all aspects of this case, but

specifically with regard to the search and seizure of Plaintiff and use of force) were reasonable, appropriate, and in conformance with Bakersfield Police Department Rules and Regulations, as well as accepted police procedures.

2. Defendant contends that Plaintiff suffered no injury as a result of this stop and did not require medical treatment. Plaintiff never complained of any injury at the scene of the incident.

3. Defendant also contends that none of Plaintiff's state or federal statutory or Constitutional rights, or any other rights were violated at any time during the incident which allegedly gave rise to this lawsuit.

4. The doctrine of qualified immunity as more further discussed in the applicable federal statutory and case law applies to the individual officers.

IV.   Orders Re Amendments To Pleadings.

1. At present, Plaintiff intends to amend the Complaint to substitute and add as Defendants the officers (believed to be two officers) who assaulted, battered, falsely arrested, etc., Plaintiff and who are currently named as fictitious, "Doe," Defendants, pursuant to California Code of Civil Procedure § 474, California Government Code § 950.4, and Federal Rule of Civil Procedure 15(c)(1), once they have been identified.

2. The parties agree that they shall have three months for continuing investigation and discovery to ascertain whether amendments to the pleadings are necessary and if filed on or before June 2, 2011, a motion under Rule 15 shall not be required.

V.   Factual Summary.

   A.   Admitted Facts Which Are Deemed Proven Without Further Proceedings.

       1.   Plaintiff is a citizen of the United States.

       2.   The incident took place on or about January 11, 2011.

       3.   The incident involved the Bakersfield Police Department and occurred in the City of Bakersfield, State of California, within the Eastern District of California, Fresno Division.

       4.   The Police Officers involved in the incident were at all times duly appointed and acting officers of the Bakersfield Police Department, acting under the color of law, and within the course and scope of their municipal employment.

       5.   The City of Bakersfield is a municipal corporation and the public employer of the Bakersfield Police Department Officers involved in this incident.

   B.   Contested Facts.

       1.   All remaining facts are contested.

VI.   Legal Issues.

   A.   Uncontested.

       1.   Jurisdiction exists under 28 U.S.C. § 1331 and 42 U.S.C. §§ 1983, et seq.

       2.   Venue is proper under 28 U.S.C. § 1391.

       3.   The parties agree that the substantive law of the State of California provides the rule of decision as to supplemental claims.

///

   B.   Contested.
        1.   Whether Plaintiff is entitled to relief under 42 U.S.C. §§ 1983, 1988 and 28 U.S.C. §§ 1331, 1343.
        2.   Whether Defendant violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.
        3.   Whether Defendant entered into a conspiracy and agreement to stop, pull-over, seize, arrest, assault, batter and excessively use force against Plaintiff.
        4.   Whether Defendant pulled over, stopped, seized and/or arrested Plaintiff without a reasonable suspicion or probable cause to believe that Plaintiff had committed any crime or offense, or that they had any legitimate or proper reason to pull over and stop said Plaintiff.
        5.   Whether Defendant assaulted, battered, intentionally inflicted emotional distress on, and used excessive and improper force against Plaintiff without any proper and adequate excuse, cause or justification.
        6.   Whether Defendant intentionally, deliberately, indifferently, recklessly and/or negligently failed and refused to promptly, properly and adequately summon medical care for Plaintiff after Plaintiff was injured.
        7.   Whether Defendant improperly, without probable cause and without adequate excuse or justification seized, converted, damaged and/or trespassed against the chattel of Plaintiff, Plaintiff's vehicle.
        8.   Whether Defendant intentionally, deliberately indifferently, recklessly or negligently failed and refused to:

(a) prevent the Defendants who assaulted, battered, intentionally inflicted emotional distress on, used excessive and improper force against, and falsely arrested Plaintiff from doing so; (b) intercede in any way; or (c) take preventative or corrective action.

   9.   Whether Defendant failed to provide medical care to the Plaintiff.

   10.  Whether Defendant subjected Plaintiff to brutality.

   11.  Whether Defendant engaged in a civil conspiracy to harm Plaintiff.

   12.  Whether Defendant maliciously prosecuted the Plaintiff.

   13.  Whether Plaintiff sustained damages as a direct and proximate result of the actions of Defendant.

   14.  Whether Defendant used excessive force against Plaintiff.

   15.  Whether Plaintiff's Complaint on file herein fails to state a cause of action against Defendant.

   16.  Whether Plaintiff was negligent and careless in and about the matters set forth in his Complaint, and that Plaintiff's injuries and damages are the direct and proximate result of Plaintiff's own negligence and that, as a result, Plaintiff's claim, as contained in the complaint is barred or proportionately reduced.

   17.  Whether the damages alleged in Plaintiff's Complaint on file herein are the sole and proximate responsibility and liability of persons and/or entities other

than the defendant, and are neither the liability or responsibility of Defendant.

18. Whether, in the event it is found liable to the Plaintiff, Defendant is responsible for the Plaintiff's damages according to Defendant's percentage of fault, pursuant to Civil Code Section 1431.2.

19. Whether Plaintiff has failed to mitigate the alleged damages, which the Plaintiff claims to have sustained, and recovery should be barred or diminished accordingly.

20. Whether Defendant is immune from liability for the causes of action alleged in the Plaintiff's Complaint, if any, pursuant to California Government Code §§ 815, 815.2, 815.4, 818, 820(b), 820.2, 820.4, 820.6, 820.8, 821, and 821.8 of the Government Code and §§ 834, 834a, 835, 835a and 836 of the Penal Code.

21. Whether Plaintiff voluntarily exposed himself to all of those matters and things alleged in his Complaint and did thereby voluntarily and knowingly assume the risks naturally incident thereto.

22. Whether Plaintiff's Complaint is barred by the applicable state and federal statutes of limitations including, but not limited to, C.C.P. §§ 335.1 and 340 and *Wilson v. Garcia* (1985) 471 U.S. 261 and *Harding v. Galceran* (9th Cir. 1989) 889 F.2d 906.

23. Whether Plaintiff is precluded from alleging liability for the causes of action alleged in his Complaint, and is estopped from asserting the same since claims regarding the acts alleged pursuant to the laws of the State of California were

not timely filed, are barred by the statute of limitations and/or were not submitted in compliance with the California Tort Claims Act, Government Code §§ 905, et seq.

     24.   Whether the damages of which Plaintiff complains, were the proximate result of the intentional acts of Plaintiff, so as to bar or diminish recovery herein as against the Defendant.

     25.   Whether Defendant is immune from any civil liability in this matter under the doctrine of qualified immunity.

     26.   Whether Plaintiff consented to all of the acts herein.

     27.   Whether probable cause existed for each of the acts undertaken by Defendant herein.

     28.   Whether Defendant was engaging in privileged conduct, exercising its legal rights under the law, and possessed a good faith belief that their conduct was in conformity with the law.

     29.   Whether the allegations contained in Plaintiff's Complaint are baseless and warrantless and the bringing of the complaint and the making of the allegations and charges therein are outrageous and malicious conduct and are intended to specifically injure Defendant.

VII. Consent to Magistrate Judge Jurisdiction.

   1.   The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII.   Corporate Identification Statement.

   1.   Any nongovernmental corporate party to any action in

this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX. Discovery Plan and Cut-Off Date.

    A.    An Outline of The Subject on Which Discovery May be Needed:

        1.    From Plaintiff's perspective, discovery will be needed concerning the events at the time of the incident, including, but not limited to, testimony from all percipient witnesses and the individual police officers.  In addition, discovery will be needed concerning the customs and practices of Defendant City of Bakersfield and the Bakersfield Police Department with regard to the claims against the City of Bakersfield under *Monell v. New York City Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), and *City of Canton, Ohio v. Harris*, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).

        2.    From the Defendant's perspective, discovery will be needed on the nature and extent of any injuries and damages. In addition, discovery will need to be conducted on issues concerning the facts that allegedly gave rise to the lawsuit, including, but not limited to, testimony from all percipient witnesses, individual police officers, and the Plaintiff.  The above issues will require the retention and deposition of expert witnesses.

  B. Whether Discovery Should be Conducted in Phases or Limited to or Focused Upon Particular Subjects.

   1. The parties are not proposing any modification of the presumptive limitations on discovery.  The parties are not proposing that discovery be conducted in phases or limited to or focused upon particular subjects.

  C. Dates.

   1. Initial disclosures to be made on or before April 2, 2012.

   2. The parties are ordered to complete all non-expert discovery on or before February 29, 2012.

   3. The parties are directed to disclose all expert witnesses, in writing, on or before January 30, 2012.  Any rebuttal or supplemental expert disclosures will be made on or before March 2, 2012.  The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert designations.  Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

   4. The parties are ordered to complete all discovery, including experts, on or before April 2, 2012.

   5. The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions.  Experts shall be fully prepared to be examined on all subjects

10

and opinions included in the designation and their reports, which shall include every opinion to be rendered and all reasons for each opinion.  Failure to comply will result in the imposition of sanctions.

X.   Pre-Trial Motion Schedule.

   1.   All Non-Dispositive Pre-Trial Motions, including any discovery motions, shall be filed on or before April 20, 2012, and heard on May 25, 2012, at 9:00 a.m. before Magistrate Judge Jennifer L. Thurston in her Courtroom located at 1300 18th Street, Suite A, Bakersfield, California 93301.

   2.   In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 142(d).  However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251 and this schedule.

   3.   All Dispositive Pre-Trial Motions are to be filed no later than May 21, 2012, and will be heard on June 22, 2012, at 10:00 a.m. before the Honorable Oliver W. Wanger, in Courtroom 3, 7th Floor.  In scheduling such motions, counsel shall comply with Local Rule 230.

XI.   Pre-Trial Conference Date.

   1.   July 23, 2012, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger.

   2.   The parties are ordered to file a Joint Pre-Trial Statement pursuant to Local Rule 281(a)(2).

   3.   Counsel's attention is directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for

11

the pre-trial conference.  The Court insists upon strict compliance with those rules.

XII. Motions - Hard Copy.

    1.   The parties shall submit one (1) courtesy paper copy to the Court of any motions filed.  Exhibits shall be marked with <u>protruding numbered or lettered tabs</u> so that the Court can easily identify such exhibits.

XIII.  Trial Date.

    1.   September 11, 2012, at the hour of 9:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.   This is a jury trial.

    3.   Counsels' Estimate Of Trial Time:

        a.   Five to six days.

    4.   Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

XIV. Settlement Conference.

    1.   A Settlement Conference is scheduled for June 19, 2012, at 10:00 a.m. before the Honorable Jennifer L. Thurston, United States Magistrate Judge, whose chambers is located at 1200 Truxtun Avenue, Suite 120, Bakersfield, California 93301.

    2.   Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

    3.   Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy

to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship.  If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences. Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

    4.   Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement.  The statement should not be filed with the Clerk of the Court nor served on any other party.  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.  Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

    5.   The Confidential Settlement Conference Statement shall include the following:

        a.   A brief statement of the facts of the case.

        b.   A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

13

   c. A summary of the proceedings to date.
   d. An estimate of the cost and time to be expended for further discovery, pre-trial and trial.
   e. The relief sought.
   f. The parties' position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

XV. Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.

 1. In the event that the issue of punitive damages remains in the case, the amount, if any, of punitive damages will be tried in a second phase in a continuous trial before the same jury.

XVI. Related Matters Pending.

 1. There are no related matters.

XVII. Compliance With Federal Procedure.

 1. The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

XVIII. Effect Of This Order.

 1. The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at

any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

    2.   Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

    3.   Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   March 2, 2011                              /s/ Oliver W. Wanger
                                                            UNITED STATES DISTRICT JUDGE