1
2
3
4
5
6
7
8

**IN THE UNITED STATES DISTRICT COURT**

9

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   EDWARD COLSON,                        ) Case No.: 1:10-cv-01776 -- JLT
                                           )
12               Plaintiff,                ) ORDER TO PLAINTIFF TO SHOW CAUSE
                                           ) WHY THE ACTION SHOULD NOT BE
13         v.                              ) DISMISSED FAILURE TO OBEY THE
                                           ) COURT'S ORDER
14                                         )
     CITY OF BAKERSFIELD, et al.,          )
15                                         )
                 Defendants.               )
16   _____ )

17          On September 14, 2011, the Court issued its Order of Reassignment, in which the Court

18   informed the parties that the assignment of the action to Senior U.S. District Judge Wanger was

19   withdrawn.  (Doc. 17).  The parties were ordered "to affirmatively indicate whether they consent to

20   or decline the consent of the U.S. Magistrate Judge pursuant to 28 USC § 636 (c) . . . **WITHIN 30**

21   **DAYS OF THIS ORDER**."  *Id*. at 2 (emphasis in original).  Consequently, the parties were to file

22   the form attached to the order, indicating their consent or decline no later than October 14, 2011.  To

23   date, Plaintiff Edward Colson has failed to comply with the Court's Order.

24          The parties were warned: "Failure to timely comply with this order will result in an Order to

25   Show Cause and may result in sanctions."  (Doc. 17 at 2).  The Local Rules, corresponding with Fed.

26   R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court

27   may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent

28   power of the Court."  LR 110.  "District courts have inherent power to control their dockets," and in

1

exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based upon a party's failure to obey a court order, failure to prosecute an action, or failure to comply with local rules. *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order).

Accordingly, Plaintiff is **ORDERED** to show cause **within 14 days** of the date of service of this Order why the action should not be dismissed for his failure to follow the Court's Order, or in the alternative, to complete and file the form indicating whether he consents to or declines the jurisdiction of the Magistrate Judge.

IT IS SO ORDERED.

Dated:   **October 18, 2011**                                     **/s/ Jennifer L. Thurston**
                                                                   UNITED STATES MAGISTRATE JUDGE